DARRICK JORDAN,

                           Petitioner,

v.

JUDY P. SMITH and DENISE SYMDON,

                           Respondents.

Case No. 14-CV-1166-JPS

ORDER

       The petitioner, Darrick Jordan, filed a petition for a writ of habeas corpus on September 23, 2014. (Docket #1). The Court screened the petition and immediately took note of potential timeliness issues. (Docket #11 at 2–3). However, given the complexity of Mr. Jordan's activities in the state courts after the finality of his conviction, the Court could not be entirely sure that his petition is untimely. (Docket #11 at 3). Of course, the respondents (hereinafter "the State") have broad access to state court records and, thus, are in a good position to help the Court unravel the situation. Therefore, the Court asked the respondents to file a brief addressing timeliness and other threshold issues. (Docket #11 at 3). The State filed its brief on February 12, 2015. (Docket #17).

       With the benefit of the documents provided by the State, the Court finds that Mr. Jordan's petition is indeed untimely. Mr. Jordan had one year from the date on which his conviction became final to file his habeas petition. 28 U.S.C. § 2244(d)(1)(A). (There are three exceptions to the date on which the limitations period starts to run, 28 U.S.C. §§ 2244(d)(1)(B–D), but Mr. Jordan does not assert that any of those provisions should apply, nor can the Court find any basis for applying those provisions.)

       As the Court previously described, Mr. Jordan's conviction became final on June 9, 2010, which was 90 days after the Wisconsin Supreme Court

declined review. (Docket #11 at 2; Docket #17, Ex. B); *Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002). Thus, it would seem that the one-year limitations period should have begun to run from that date.

However, the limitations period may have been tolled by Mr. Jordan's additional proceedings in state court. First, he filed a motion for reconsideration with the Wisconsin Supreme Court. He filed that motion on May 25, 2010, and the Wisconsin Supreme Court dismissed it on June 10, 2010. (Docket #17, Exs. B, D). Second, he filed a motion to vacate and for sentence modification with the Brown County Circuit Court. The Brown County Circuit Court denied that motion on July 23, 2010. (Docket #17, Ex. B). At the time that the Brown County Circuit Court denied that motion, Mr. Jordan no longer had any proceedings pending in the state court.

Thus, being very generous to Mr. Jordan by treating those two filings as properly filed applications for state post-conviction relief, the one-year limitations period was tolled until July 23, 2010. 28 U.S.C. § 2244(d)(2). As he had no further proceedings pending in state court at that point, the limitations period began to run on that date.

The limitations period then ran for more than a year and a half until May 7, 2012, when Mr. Jordan filed a motion for sentence adjustment in the Brown County Circuit Court. (Docket #17, Ex. B). The Brown County Circuit Court denied that motion on June 4, 2012. (Docket #17, Ex. B). Again, nothing was pending at that time, so the limitations period began to run again.

It ran for approximately one more year until May 21, 2013, when Mr. Jordan filed a petition for a writ of habeas corpus with the Wisconsin Supreme Court. (Docket #17, Exs. E, F). Mr. Jordan filed two related motions with the Wisconsin Supreme Court while his petition was pending. (Docket #17, Exs. G, H). By September 17, 2013, the Wisconsin Supreme Court had addressed both motions and Mr. Jordan's petition. (*See* Docket #17, Exs. G, H, I). Most importantly, it denied the petition. (Docket #17, Ex. I). Again,

nothing was left pending at that point, so the limitations period began to run again.

It ran for approximately one more year until September 23, 2014, when Mr. Jordan finally filed his federal habeas petition.

In sum, by the time Mr. Jordan filed his federal habeas petition, the limitations period had run from: (1) July 23, 2010, until May 7, 2012 (654 days); (2) June 4, 2012, until May 21, 2013 (351 days); and (3) September 17, 2013, until September 23, 2014 (371 days). In total, 1,376 days of time elapsed between the date on which Mr. Jordan's conviction became final and the date on which he filed his petition.

Therefore, Mr. Jordan's petition is clearly untimely under the provisions of 28 U.S.C. § 2244(d).

Nor could equitable tolling save Mr. Jordan's petition from untimeliness in this case. It is rare to dismiss a habeas petition without input from the parties on the issue of equitable tolling. *See, e.g.*, *Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004) (citing *Acosta v. Artuz*, 221 F.3d 117, 121–22 (2d Cir. 2000); *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J. concurring)); *see also Ray v. Clements*, 700 F.3d 993, 1006 (7th Cir. 2012). But this is such a rare case. To be entitled to equitable tolling, Mr. Jordan would have to prove that: (1) extraordinary circumstances outside of his control prevented him from filing his petition on time; and (2) he diligently pursued his claims. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). It is perfectly clear that Mr. Jordan could prove neither in this case. To begin, the fact that he was filing substantial materials in the state courts is proof that he was not prevented in any way from filing his federal petition on time. That is, he was perfectly capable of filing all sorts of materials in other cases; he simply elected not to file his federal habeas petition. The same rationale shows that he did not diligently pursue his claims. Mr. Jordan elected to repeatedly seek state relief, doing so in a haphazard way, filing a great deal of documents but taking

regular and lengthy breaks from filing. In sum, it is clear from the record that Mr. Jordan did not act diligently and was not prevented from filing his petition. Thus, equitable tolling can be of no help to him.

However, even if the Court *could* determine that Mr. Jordan's petition was timely, it would still be obliged to dismiss the petition because Mr. Jordan failed to exhaust the claims in the petition. Mr. Jordan's two grounds for habeas relief are: (1) ineffective assistance of counsel; and (2) "unlawful detention, sentence, due process, double jeopardy, state extended sentence without notice or due process." (Docket #1 at 6–7). These claims were not raised in Mr. Jordan's direct appeal. (Docket #17, Ex. C). Nor did he raise them in his state habeas petition. His state habeas petition never mentioned his appellate counsel. (*See* Docket #17, Ex. E). Nor can the Court find any portion of it that may relate to his vague unlawful detention/due process/double jeopardy claim. He mentions the length of his confinement and Wis. Stat. §§ 302.113 and 973.01 in both his state petition and his brief supporting his federal petition, but the Court struggles to find overlap between the arguments in the two separate briefs. (*Compare* Docket #2 *with* Docket #17, Ex. E). Both are very confusing. In the end, it does not appear that Mr. Jordan raised either of the grounds he now asserts in the state courts.

Having found that Mr. Jordan's petition is both untimely and raises unexhausted grounds for relief, the Court is obliged to deny his petition for a writ of habeas corpus.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. The denial of the petition is two-fold—based upon timeliness and exhaustion—and both foundations are solid. No reasonable jurist would disagree with the Court's determination.

Accordingly,

IT IS ORDERED that the Mr. Jordan's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge